BERNARD YANKOWITZ, Respondent, *v.* STANDARD ACCIDENT INSURANCE COMPANY, a Foreign Corporation, Appellant.

Supreme Court, Appellate Term, First Department, December 30, 1925.

**Insurance — robbery insurance — policy covered assured and permanent members of household over eighteen years of age — recovery cannot be had for robbery of wife who was under eighteen.**

A recovery cannot be had by the assured on a robbery insurance policy for a loss suffered when his wife, less than eighteen years of age, was robbed, since, while the policy covers the assured and all the permanent members of his family, it specifically excepts persons under the age of eighteen years.

LEVY, J., dissents.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff, rendered after a trial by the court without a jury.

*Benjamin C. Loder*, for the appellant.

*Sobel & Brand* [*Samuel Sobel* of counsel], for the respondent.

CHURCHILL, J.   Plaintiff sued under a burglary insurance policy which contained a so-called " holdup " clause reading as follows:

" IN CONSIDERATION OF an additional premium of Six and 00/100 ($6.00), and subject to the terms and conditions of this policy, the Company hereby agrees to indemnify the Assured, or any permanent member of the Assured's household who does not pay board or rent, or a relative of the Assured permanently residing with him (domestic servants or other employes excepted), provided such person is over the age of eighteen years, for all loss by robbery of property from such person and belonging to him and consisting of money, securities, jewelry, watches, clothing and articles of personal adornment."

Plaintiff's wife was " held up " and robbed and plaintiff has recovered judgment for the amount of the loss.   The wife was under the age of eighteen years at the time of the robbery.   Plaintiff would so construe the policy as to restrict the application of the clause relating to age to relatives and persons permanently residing with the insured.   But the language is plain and unambiguous and leaves no room for construction.   The words " such person " are used twice.   In the second case it is clear beyond the possibility of argument that they refer to all persons who may be robbed.   There is no reason to give them a different meaning when first employed.

The judgment should be reversed, with thirty dollars costs, and the complaint dismissed, with costs.

BIJUR, J., concurs; LEVY, J., dissents.